# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**IN RE:**

| | | |
|---|---|---|
| **CHERI LITTLE** | : | CASE # 20-12518 |
| **Debtor** | : | CHAPTER 7 |
| | : | Judge Beth A. Buchanan |

| | |
|---|---|
| **ERIC W. GOERING, Trustee**<br>220 W. Third Street<br>Cincinnati, Ohio 45202 | ADV # 21-ap- |

**Plaintiff**

**VS**

**Venus Concept**
4556 N. Hiatus Road
Sunrise, FL 33351

_____

### TRUSTEE'S COMPLAINT TO DETERMINE PRIORITY AND EXTENT OF LEINS AND TO SELL PROPERTY FREE AND CLEAR OF LIENS

1. This adversary proceeding is brought in conformity with Bankruptcy Rule 7001(2) and is a proceeding which this Court may hear and determine under 28 U.S. Code § 157(b)(2)(I). The Court has jurisdiction in this proceeding pursuant to 28 U.S. Code § 1334 (b), and the General Order of Reference entered in this District.

2. This is a core proceeding under 28 USC 157 (b)(2)(H).

3. Plaintiff is the appointed and acting Trustee in Bankruptcy Case 20-12518 in which the Debtor, Cheri Little filed a voluntary petition in bankruptcy in this court on September 14, 2020.

4. Counsel was appointed as attorney for the Trustee on February 2020.

5. The defendant was listed as a creditor in the schedules filed by the Debtor holing a potential security interest in a Legacy Liposuction machine (the "machine").

6. On or about 9-16-16 the debtor entered into the attached agreement styled as a "Service Agreement". This agreement is quite confusing since it is styled "Service Agreement" but contains contradictory provisions as to the title status of the machine.
    (a) Under section 1 (a) the agreement provides for the "sale & delivery" of the machine, but under section 6 (d) the seller has the right to purchase the machine and software for $1, which suggests that title resides in the Debtor.
    (b) Under section II the agreement provides that title doesn't pass until the contract is fully paid.
    (c) This is no distinction between the sale of the machine and the services to be provided.

7. The Trustee asks the court to determine that this is a sale contract, not a lease contract.

8. There is no UCC filing on record with the Ohio Secretary of State and the Trustee maintains that title rests in him under 11 USC § 541.

9. On information and belief, the Trustee believes the machine to have a value in excess of $25,000 and is unencumbered by any lien.

10. Further, the defendant has the access codes needed to unlock the machine which must be turned over to the Trustee.

11. The machine is listed on Schedule A/B #15 and is property of the Estate.

WHEREFORE, the Trustee request that the court

1. Determine the priority and extent of liens on the machine
2. Authorize the Trustee to sell the machine free and clear of liens
3. Order the defendant to provide the codes and information to unlock the machine for use

        Respectfully Submitted

        */s/ Eric W. Goering, Trustee*
        Eric W. Goering #0061146
        220 West Third Street
        Cincinnati, OH 45202
        513-621-0912